**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Taquarius Rencher, Appellant.

Appellate Case No. 2017-000869

———————

Appeal From Pickens County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-078
Submitted January 1, 2019 – Filed February 13, 2019

———————

**AFFIRMED**

———————

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cottrell*, 421 S.C. 622, 643, 809 S.E.2d 423, 435 (2017) ("An appellate court will only reverse a trial court's decision regarding a jury charge if

there is an abuse of discretion." (citing *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166 (2007))); *State v. Marin*, 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) ("[T]o warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant." (quoting *State v. Brandt*, 393 S.C. 526, 550, 713 S.E.2d 591, 603 (2011))); *State v. Cheeseboro*, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001) ("To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain *other evidence of comparable value* by other means." (emphasis added)); *State v. Batson*, 261 S.C. 128, 138, 198 S.E.2d 517, 522 (1973) ("[A spoliation] charge . . . to a jury on a behalf of either the State or the defense is not warranted except under most unusual circumstances."); *State v. McBride*, 416 S.C. 379, 389, 786 S.E.2d 435, 440 (Ct. App. 2016) ("Adverse inference charges are rarely permitted in criminal cases.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.